**WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v. REILLY.**

No. 3567.

District Court, E. D. Pennsylvania.

Aug. 10, 1944.

Ernest N. Votaw, Regional Atty., and Felice E. Darkow, Atty., U. S. Department of Labor, both of Philadelphia, Pa., for plaintiff.

Robert E. Haas, of Allentown, Pa., for defendant.

KIRKPATRICK, District Judge.

On the evidence, the files and records in the case, briefs and argument of counsel, the Court after due consideration makes the following Findings of Fact, Conclusions of Law, and enters the following Decree:

### Findings of Fact.

1. L. Metcalfe Walling is the duly appointed and qualified Administrator of the Wage and Hour Division, United States Department of Labor.

2. Defendant is and was at all times herein mentioned a resident of the State of New Jersey and is and was the sole owner and operator of a manufacturing plant located at 215 Quarry Street, Fullerton, Lehigh County, Pennsylvania, at which place he is and at all times hereinafter mentioned was engaged in the production of necktie, dress and parachute cloth.

3. At all times hereinafter mentioned defendant employed and is employing approximately one hundred ten (110) employees, including approximately twenty (20) weavers, in and about his place of business in Fullerton, Pennsylvania, where they were engaged in the production of necktie, dress and parachute cloth and in processes or occupations necessary to such production.

4. Substantially all of the cloth produced by these employees has been and is being produced for interstate commerce and has been and is shipped, delivered, transported, offered for transportation and sold in interstate commerce from defendant's place of business to other states.

5. On October 21, 1939, the Administrator of the Wage and Hour Division,

United States Department of Labor, pursuant to the authority conferred upon him by Section 11(c) of the Act, 29 U.S.C. ' § 211(c), duly issued and promulgated regulations prescribing the records of persons employed and of wages, hours, and other conditions and practices of employment to be made, kept, and preserved by every employer subject to any provision of the Act. The said regulations, and amendments thereto, were published in the Federal Register and are known as Title 29, Chapter V, Code of Federal Regulations, Part 516.

6. The weavers employed by defendant were compensated on a piece rate basis, which was applied to work done on each loom for units of 100,000 picks. A daily, weekly and bi-weekly record of hours worked was kept by defendant. The compensation of said weavers was computed bi-weekly on the basis of the two week total of picks for each loom. The total bi-weekly earnings were divided by the number of hours worked during the two week period to obtain the average hourly piece rate earnings.

7. Defendant failed to determine the average hourly piece rate earnings of said weavers upon the basis of the total weekly hours divided into the total weekly earnings and record the same as the regular hourly rate.

8. The defendant has continuously and at all times prior to the trial failed to record the total daily or weekly straight time earnings or wages of said weavers.

9. The defendant has continuously and at all times prior to the trial failed to record the total weekly overtime excess compensation of said weavers.

10. The contention of the defendant that the keeping of records required by the regulations would require the employment of an additional employee at a cost of $25 per week although not sustained by the evidence is considered irrelevant and immaterial to a determination of the issues in this case.

### Conclusions of Law.

1. This Court has jurisdiction of the subject of this action and the parties thereto, pursuant to the provisions of Section 17 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 217.

2. The weavers employed by defendant have been and are engaged in the production of goods for interstate commerce within the meaning of the Fair Labor Standards Act of 1938.

3. The records kept by the defendant did not comply with the regulations of plaintiff, Part 516.

4. The failure of defendant to determine and record the regular hourly rate as recited in paragraph 7 of the Findings of Fact constitutes a violation of Part 516.2(6) of said regulations.

5. The failure of defendant to record the total daily or weekly straight time earnings or wages of said weavers constitutes a violation of Part 516.2(8) of said regulations.

6. The failure of defendant to record the total weekly overtime excess compensation of said weavers constitutes a violation of Part 516.2(9) of said regulations.

7. In failing to make and keep adequate records of the wages and other conditions and practices of employment of the weavers employed by him, including the specific violations of the regulations hereinbefore recited, defendant has violated and is violating Sections 11(c) and 15(a) (5) of the Act, 29 U.S.C.A. §§ 211(c), 215 (a) (5).

8. Plaintiff is entitled to the issuance of a decree, enjoining and restraining violations of Section 15(a) (5) of the Fair Labor Standards Act.

Decree. (Filed August 10, 1944)

This case coming to be heard by Judge without a jury, and it appearing to the Court that the defendant has failed to keep records of the weekly straight time earnings and weekly overtime excess compensation of the weavers employed by him, which records were required to be kept by the record keeping regulations issued by the Administrator of the Wage and Hour Division pursuant to the provisions of the Fair Labor Standards Act of 1938, it is hereby ordered, adjudged and decreed that the defendant, his agents, servants, employees and attorneys, and all persons acting or claiming to act in his interests and behalf, be, and they hereby are, permanently enjoined and restrained from violating the provisions of Section 15(a) (5) of the Fair Labor Standards Act of 1938, Act of June 25, 1938, c. 676, 52 Stat. 1060, U.S.C.A. Title 29, Sec. 201 et seq., hereinafter referred to as the Act, in the following manner:

The defendant shall not fail to make, keep and preserve records for his employees of the wages, hours and other conditions and practices of employment maintained by him as prescribed by the regulations of the Administrator issued and from time to time amended pursuant to Section 11(c) of the Act and found in Title 29, Chapter 5, Code of Federal Regulations Part 516, and particularly shall not fail to make, keep and preserve records of the weekly straight time earnings and weekly overtime excess compensation paid to his weavers or other employees.